IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MICHELLE MERCADO ALDARONDO,
IN HER REPRESENTATIVE CAPACITY
FOR THE MINOR CHILD A.B.M.,

    Plaintiff,

    v.

IVAN'S CONSTRUCTION, INC., AND
INSURANCE COMPANY Z,

    Defendants.

CIVIL NO. 11-1368 (CVR)

**OPINION AND ORDER**

**INTRODUCTION**

Plaintiff Michelle Mercado, on her own and as representative of minor child A.B.M. (hereafter "plaintiff Mercado"), filed this diversity claim against defendant Ivan's Construction, Inc., (hereafter "Ivan's Construction") and Insurance Company Z upon the death of Luis E. Barreto-Acevedo. Mr. Barreto, at the time of his death, was the driver of a dump truck that became energized and received a fatal electric shock that caused his demise. By said time, Mr. Barreto was employed by Víctor Tavares Transport which was being used by defendant Ivan's Construction in the building foundation of new homes.[1] (Docket No. 1).

Plaintiff Mercado claimed that, at the time of the filing of the Complaint on April 18, 2011, an administrative determination by the State Insurance Fund Corporation (hereafter referred as "SIF") had initially concluded that neither defendant Ivan's Construction nor

---

[1] Defendant Ivan's Construction then filed a third party complaint against Víctor Tavares-Román d/b/a Transporte Tavares and Universal Insurance Company. (Docket No. 24).

Víctor Tavares were covered under the workers' compensation policy which would have provided coverage for the incident that resulted in the death of Mr. Barreto while at work on February 22, 2008.

On September 7, 2012, third party defendant Universal Insurance Company (hereafter "Universal") filed a Motion for Summary Judgment as to which plaintiff Mercado filed a response and opposing statement on September 21, 2012. (Docket Nos. 70, 77 and 78). On October 5, 2012, defendant Ivan's Construction filed a Motion to Dismiss and plaintiff Mercado has now filed her opposition. (Docket No. 79 and 85). Defendant Ivan's Construction indicates for the first time in its Motion to Dismiss that on March 2, 2012, the Puerto Rico Industrial Commission revoked the prior administrative determination of the SIF which had concluded that defendant Ivan's Construction and Tavares were not covered under worker's compensation policy for the incident dealing with the death of Mr. Barreto. As such, defendant Ivan's Construction seeks dismissal of the instant complaint for it is covered by immunity as the statutory employer of the deceased Mr. Barreto under the Puerto Rico Workers' Compensation Law.

It is deemed proper to first address the Motion to Dismiss which raises a matter which would dispose of the case insofar as no cause of action is present.

**MOTION TO DISMISS STANDARD**

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may, consider materials outside the pleadings without converting the motion to dismiss into one for

summary judgment.² Still, under Section 12 (b)(2) "a complaint should not be dismissed for failure to state a claim unless it appears ... that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See* Bell Atlantic Corp. v. Twonbly, 127 S.Ct. 1955 (2007) (citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957)); *see* Miranda v. Ponce Fed. Bank, 948 F.2d 41 (1st Cir. 1991); *see also* Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 94-95 (1st Cir. 2007).³

The Supreme Court's most recent opinion changes the standard for a motion to dismiss so that plaintiffs will now have to include more information in their pleadings if they want to survive a 12(b)(6) motion. *See* Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007). The First Circuit has already cited to this decision and has noted this new standard in Rodríguez-Ortiz v. Margo Caribe, Inc., 490 F.3d at 94-95, copied in part below:

> At the outset, we note that even under the liberal pleading standard of Federal Rule of Civil Procedure 8, the Supreme Court has recently held that to survive a motion to dismiss, a complaint must allege "a plausible entitlement to relief." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1967, 167 L. Ed. 2d 929 (2007). In so doing, the Court disavowed the oft-quoted language of Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See* Twombly, 127 S. Ct. at 1969. The Court found that the "no set of facts" language, if taken literally, would impermissibly allow for the pleading of "a wholly conclusory statement of [a] claim," and that "after puzzling the profession for 50 years, this famous observation has earned its retirement." *Id*. at 1968, 1969.

---

² Fed.R.Civ.P. 12(b)(1) allows a defense to be presented for lack of subject matter jurisdiction, while 12(b)(2) allows same for lack of personal jurisdiction.

³ No heightened fact pleading of specifics is required but only enough facts to state a claim to relief that is plausible on its face. Bell Atlantic, 127 S.Ct. at 1974.

Still, to elucidate a motion to dismiss the Court must accept as true "all well-pleaded factual averments and indulg[e] all reasonable inferences in the plaintiff's favor." Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996). A complaint must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under some actionable theory." Romero-Barceló v. Hernández-Agosto, 75 F.3d 23, 28 n. 2 (1st Cir. 1996) (*quoting* Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)). The Court, need not accept a complaint's " 'bald assertions' or legal conclusions" when assessing a motion to dismiss. Abbott, III v. United States, 144 F.3d 1, 2 (1st Cir. 1998) (*citing* Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1216 (1st Cir. 1996)).

A motion to dismiss based for the most part for failure to state a claim for which relief can be granted, as the one filed by herein defendant Ivan's Construction, requires that all the allegations of the complaint be deemed true. Fed.R.Civ.P. 12(b)(6).[4]

## LEGAL ARGUMENT

Defendant Ivan's Construction submits it is covered under the Puerto Rico Worker's Compensation Act because its sub-contractor Transporte Tavares paid the SIF's policy to all its employees. Additionally, the contract subscribed between Ivan's Construction and Transporte Tavares was for a relationship of contractor-subcontractor under the Puerto Rico Civil Laws. As such, plaintiff Mercado lacks a cause of action as to defendant for its relief is limited to the statutory compensation offered through the SIF. (Docket No. 79).

Plaintiff Mercado opposed the request for dismissal indicating that, although

---

[4] Plaintiff Mercado argues the Motion to Dismiss should rather be considered a motion for summary judgment and, as such, be denied for failure to comply with the necessary requirements as to genuine issues of material fact in controversy regarding whether defendant is an insured employer.

Case 3:11-cv-01368-CVR   Document 86   Filed 12/05/12   Page 5 of 10

Michelle Mercado, et al. v. Ivan's Construction, et al.
Civil No. 11-1368 (CVR)
Opinion and Order
Page No. 5

difficult to argue against the long-standing Puerto Rico case law as to the alleged immunity, Ivan's Construction raised said argument at the eleventh-hour and in bad faith excluded plaintiff from the administrative process which revoked the prior decision of not being an insured employer under the SIF. Additionally, plaintiff submits statutory immunity should not be allowed for at the time of filing of the Complaint and through the discovery process defendant Ivan's Construction failed to raise such a defense and it should be considered waived, at least up to the time the administrative decision was revoked and yet it continued to allow plaintiff to invest time, effort and expenses in the prosecution of her case. In the alternative, plaintiff Mercado submits that, if a waiver of such a immunity defense or laches is not applicable to defendant's conduct, the Court should impose on defendant Ivan's Construction the increase in the cost of ligation and plaintiff's expenses as an award of sanctions under equitable relief considering defendant's actions. (Docket No. 85).

**I.      Statutory Employer.**

Contrary to a situation by a third-party, who may be liable for injury, disease or death, and is considered a stranger to the employer-employee relationship, defendant Ivan's Construction has raised statutory employer status and, thus, immunity under the Puerto Rico Workmen's Compensation Act. Under such provisions, workers and employees are also covered thereunder when sub-contractors are retained by an employee who insists upon appropriate protection as to work related accidents. Colón Santiago v. Industrial Commission, 97 P.R.R. 203, 204-205 (1969) (using for the first time the term statutory employer to refer to the principal contractor and distinguish same from the subcontractor, as the real or contractual employer of an employee who seeks compensation for a work

related accident when the principal contractor may be protected by the employer immunity).

As such, in those cases where the contractual relationship arises, the principal contractor or project owner, such as Ivan's Construction herein, would not be considered a third-party but a recognized statutory employer. *See* F.S.E. v. E.L.A., 111 D.P.R. 402, 405 (1981); Lugo Sánchez v. A.F.F., 105 D.P.R. 861 (1977).[5]

Being the direct or the statutory employer, under the workers' compensation provision in Puerto Rico, when an employee suffers an injury, illness, disability or death as a result of any act or function inherent to his/her work, and his employer is insured under the law, the employee's right to compensation from the employer is limited to the statutory compensation offered by the SIF. 11 L.P.R.A. §§2, 21. Thus, the injured worker or the heirs or the beneficiaries would lack a cause of action against the employer for damages regardless of the employer's degree of negligence. Vega-Mena v. United States, 990 F.2d 684, 686 (1st Cir. 1993).

It is clearly established that defendant Ivan's Construction fulfills the requirements to be considered a qualified statutory employer as to its legal obligations towards Mr. Barreto from its contract with Transporte Tavares.

Being further consistent with the applicable provisions, it has also been argued the corresponding administrative state agency, the Industrial Commission, has made a

---

[5] Puerto Rico case law has recognized statutory employer status within the context of a contract or subcontract for work services, for project owners, principal contractors or subcontractors. The factor of immunity is the existence of the direct or indirect link between the workman who suffers the accident and the employer in the course of whose employment and as a consequence of which the injury takes place. Ruiz Díaz v. Vargas Reyes, 109 D.P.R. 761, 9 P.R. Sup.Ct. Off'l Translations 1019, 1024 (1980).

determination that such is the legal and factual situation between the parties wherein Víctor Tavares Román d/b/a Transporte Tavares has paid the corresponding fees for the payroll of its employees at the time at issue of June 19, 2007, as did Ivan's Construction for the period of 2008 and thereafter.[6] Puerto Rico's courts are obliged to respect findings made by the Industrial Commission on appeal from the SIF and the decision herein has become final.[7]

Similarly, plaintiff Mercado refers to the public hearing where the Industrial Commission, without affording an opportunity to other interested parties, held on January 31, 2012, regarding the appeal of the parties to a previous determination that Tavares was not covered under the SIF. As submitted by defendant through its Motion to Dismiss, the issue of whether an employer is uninsured is not a factual predicate but a legal one for the Court. Thus, upon the finding the corresponding state administrative agency which has already ruled under the state provisions to be applied, there is no disputed fact in controversy on the subject matter in this case.

## II. Plaintiff's Costs and Expenses.

Still, plaintiff Mercado's concern is that defendant made no effort to timely notify plaintiff and continued with discovery efforts, expenses and costs when by March 2, 2012, a resolution had already been issued by the Industrial Commission revoking the prior

---

[6] After a hearing held on January 31, 2012, the Industrial Commission ruled that Mr. Barreto's employer, Víctor Tavares-Román d/b/a Transporte Tavares was an insured employer at the time of the accident of February 22, 2008. (Docket No. 79-1, Exhibit 1).

[7] Vega Cruz v. Comisión Industrial, 110 D.P.R. 349, 352 (1980); Cardona Velázquez v. Comisión Industrial, 90 D.P.R. 257 (1964); see Benito-Hernando v. Gavilanes, 849 F.Supp. 136, 139-40 (D. Puerto Rico 1994).

determination as to Tavares' coverage under the law, thus making Ivan's Construction defense as statutory employer already feasible.

It has also been clearly indicated that, at the time of filing of this action plaintiff Mercado had reasonable grounds to file the claim against defendant Ivan's Construction. However, at least by March 2, 2011, defendant Ivan's Construction well knew it could request dismissal and claim immunity as statutory employer as a result of the final and unappealable determination by the Industrial Commission. The record clearly shows during almost seven (7) months, defendant Ivan's Construction continued to litigate this case, having forced plaintiff to incur in numerous depositions. Defendant even failed to inform this Court of such significant legal development at the Status Conference held on May 22, 2012, thus, playing a disingenuous game with plaintiff and the Court. More so, trial date was scheduled long before the time defendant filed its Motion to Dismiss on a defense which was available to defendant at least since March 2012.

As such, the Court will allow plaintiff to brief her petition for reimbursement of costs and expenses and to itemize same with a post-judgment brief for the court's consideration.

**III. Third party defendant Universal's Motion for Summary Judgment.**

Third party defendant Universal filed a request for summary judgment on grounds there is no insurance coverage because the facts alleged in the complaint establish the incident is one covered under the Worker's Compensation Act. In addition, Universal raised its insurance policy, as it was in effect at all relevant times, offered no coverage for the facts alleged in the complaint for there is an exclusion as to those events related to worker's compensation.

Michelle Mercado, et al. v. Ivan's Construction, et al.
Civil No. 11-1368 (CVR)
Opinion and Order
Page No. 9

The same analysis used above as to main defendant Ivan's Construction having immunity as statutory employer is applicable to Universal inasmuch as, as above mentioned, it is clearly established that defendant Ivan's Construction fulfills the requirements to be considered a qualified statutory employer as to its legal obligations towards Mr. Barreto from its contract with Transporte Tavares. To this effect, the Industrial Commission made a determination that such is the legal and factual situation between the parties wherein Víctor Tavares Román d/b/a Transporte Tavares has paid the corresponding fees for the payroll of its employees at the time at issue of June 19, 2007, as did Ivan's Construction for the period of 2008 and thereafter.

As such, having no grounds to present before this Court the principal obligation object of the Complaint, Universal's Motion for Summary Judgment on similar grounds is DENIED AS MOOT.

**CONCLUSION**

In view of the foregoing, defendant Ivan's Construction's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) (Docket No. 55) is GRANTED. In addition, third party defendant Universal Insurance's Motion for Summary Judgment is DENIED AS MOOT. (Docket No. 70).

Accordingly, all claims filed by plaintiff against defendant Ivan's Contruction and all claims by third party plaintiff Ivan's Construction against Víctor Tavares Román d/b/a Transporte Tavares and Univeral Insucance Company are DISMISSED WITH PREJUDICE.

Michelle Mercado, et al. v. Ivan's Construction, et al.
Civil No. 11-1368 (CVR)
Opinion and Order
Page No. 10

    Judgment to be entered dismissing the cause of action.

    IT IS ORDERED.

    San Juan, Puerto Rico, this 5th day of December of 2012.

                                     s/CAMILLE L. VELEZ-RIVE
                                     CAMILLE L. VELEZ-RIVE
                                     UNITED STATES MAGISTRATE JUDGE